

**FILED & ENTERED**

**JAN 03 2019**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY llewis      DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:    Wendy Tejeda, Debtor | Case No.:    2:17-bk-10155-ER<br>Adv. No.:    2:17-ap-01308-ER |
| Sorayda Velasquez,<br><br>Plaintiff<br><br>v.<br><br>Wendy Tejeda,<br><br>Defendant | **MEMORANDUM OF DECISION DENYING EMERGENCY MOTION FOR STAY PENDING APPEAL**<br><br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

## I. Introduction

On August 7, 2018, the Court entered judgment in favor of Plaintiff Sorayda Velasquez, and against Defendant Wendy Tejeda (the "Dischargeability Judgment").[1] The Court found that Defendant Tejeda was indebted to Plaintiff Velasquez in the amount of $28,000, and that such indebtedness was excepted from Tejeda's discharge pursuant to §523(a)(6). Tejeda's appeal of the Dischargeability Judgment is currently pending before the Bankruptcy Appellate Panel (the "BAP"). On October 19, 2018, the Court entered an order taxing costs of $3,281.20 to Tejeda.[2]

A judgment awarding Velasquez's counsel attorneys' fees of $34,575.00 is being entered concurrently with this Memorandum of Decision (the "Fee Judgment"). Tejeda has filed an

---

[1] *See* Memorandum of Decision Finding that Tejeda's Indebtedness to Velasquez, in the Amount of $28,000.00, is Excepted from Discharge [Doc. No. 63] (the "Memorandum of Decision") and Judgment in Favor of Plaintiff Sorayda Velasquez [Doc. No. 64] (the "Judgment").
[2] *See* Order Taxing Costs of $3,281.20 to Defendant [Doc. No. 95].

emergency motion seeking a stay of the Fee Judgment pending the resolution of her appeal of the Dischargeability Judgment (the "Motion").[3] Tejeda argues that it is likely that she will succeed in reversing the Dischargeability Judgment[4]; that Velasquez will not be harmed by a stay because the BAP will soon decide Tejeda's appeal of the Dischargeability Judgment; and that Tejeda will be irreparably harmed if the Fee Judgment is not stayed because she is financially destitute.

Pursuant to Civil Rule 78(b) and LBR 9013-1(j)(3),[5] the Court finds this matter suitable for disposition without oral argument. For the reasons set forth below, the Motion is DENIED.

## II. Findings and Conclusions

Pursuant to Bankruptcy Rule 8007(a)(1), the Court may issue a stay of a judgment, order, or decree pending appeal. In determining whether to grant a stay pending appeal, the Court considers the following four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 426 (2009).

As the Supreme Court has explained, a stay pending appeal

> "is not a matter of right, even if irreparable injury might otherwise result." *Virginian R. Co.,* 272 U.S., at 672, 47 S.Ct. 222. It is instead "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." *Id.,* at 672–673, 47 S.Ct. 222; see *Hilton, supra,* at 777, 107 S.Ct. 2113 ("[T]he traditional stay factors contemplate individualized judgments in each case"). The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion….
>
> The first two factors of the traditional standard are the most critical. It is not enough that the chance of success on the merits be "better than negligible." … By the same token, simply showing some "possibility of irreparable injury," *Abbassi v. INS,* 143 F.3d 513, 514 (C.A.9 1998), fails to satisfy the second factor.

*Id.* at 433–35.

To be entitled to a stay pending appeal, the moving party must make a "minimum permissible showing" with respect to each of the four factors. *Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011). Provided the moving party meets a minimum threshold as to each factor, the Court may "balance the various stay factors once they are established." *Id.* at 965. Under this balancing approach, a stronger showing of irreparable harm can offset a weaker showing of likelihood of success on the merits, and vice versa—provided that the minimum threshold with respect to each factor has been established. *Id.* at 965–66; *see also id.* at 964

---

[3] *See* Defendant's Emergency Motion to Stay Proceedings Pending Appeal Pursuant to Federal Rule of Bankruptcy Procedure §8007 [Doc. No. 103].

[4] Tejeda's request for a stay of the Fee Judgment is based only upon her contention that she will likely obtain reversal of the Dischargeability Judgment. Tejeda does not contend that the Fee Judgment will be reversed in the event that the Dischargeability Judgment is upheld.

[5] Unless otherwise indicated, all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1–86; all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037; all "Evidence Rule" references are to the Federal Rules of Evidence, Rules 101–1103; all "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California, Rules 1001-1–9075-1; and all statutory references are to the Bankruptcy Code, 11 U.S.C. §§101–1532.

("Petitioner must show either a probability of success on the merits and the possibility of irreparable injury, or that serious legal questions are raised and the balance of hardships tips sharply in petitioner's favor. These standards represent the outer extremes of a continuum, with the relative hardships to the parties providing the critical element in determining at what point on the continuum a stay pending review is justified.").

1. Likelihood of Success on the Merits

As the Ninth Circuit has explained:

> The first showing a stay petitioner must make is "a strong showing that he is likely to succeed on the merits." *Id.* at 1761 (quoting *Hilton,* 481 U.S. at 776, 107 S.Ct. 2113) (quotation marks omitted). There is some uncertainty as to the exact degree of likely success that stay petitioners must show, due principally to the fact that courts routinely use different formulations to describe this element of the stay test. What is clear, however, is that to justify a stay, petitioners need not demonstrate that it is more likely than not that they will win on the merits….
>
> There are many ways to articulate the minimum quantum of likely success necessary to justify a stay—be it a "reasonable probability" or "fair prospect," as *Hollingsworth,* 130 S.Ct. at 710, suggests; "a substantial case on the merits," in *Hilton*'s words, 481 U.S. at 778, 107 S.Ct. 2113; or, as articulated in *Abbassi,* 143 F.3d at 514, that "serious legal questions are raised." We think these formulations are essentially interchangeable, and that none of them demand a showing that success is more likely than not. Regardless of how one expresses the requirement, the idea is that in order to justify a stay, a petitioner must show, at a minimum, that she has a substantial case for relief on the merits.

*Leiva-Perez*, 640 F.3d at 967–68.

Tejeda has failed to demonstrate that she is likely to succeed in obtaining reversal of the Dischargeability Judgment. The Court set forth the findings of fact and conclusions of law supporting the Judgment in a 15-page *Memorandum of Decision Finding that Tejeda's Indebtedness to Velasquez, in the Amount of $28,000.00, is Excepted from Discharge* (the "Memorandum of Decision") [Doc. No. 63]. Tejeda points to various arguments made to the BAP in support of her contention that the Dischargeability Judgment is likely to be reversed. Having reviewed Tejeda's appellate briefing, the Court finds that Tejeda has not shown a sufficient likelihood of prevailing on appeal to support a stay of the Fee Judgment.

2. Irreparable Injury

Tejeda asserts that absent a stay, she will be irreparably injured by the additional debt stemming from the Fee Judgment. As the Ninth Circuit has held, "economic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award." *Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991). Tejeda has failed to show irreparable injury absent a stay.

3. Balance of the Hardships

This factor is neutral. Being subject to the additional liability imposed by the Fee Judgment will impose hardship on Tejeda, given her financial situation. On the other hand, Velasquez's counsel, The Legal Aid Foundation of Los Angeles, is a not-for-profit organization that has devoted substantial resources to prosecuting this litigation on Velasquez's behalf without receiving any payment from Velasquez. Being prevented, even temporarily, from collecting the

attorneys' fees which it is owed means that The Legal Aid Foundation will have fewer resources to pursue its mission.

Tejeda is required to make a "minimum permissible showing" with respect to each factor. *Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011). Because this factor is neutral, Tejeda has failed to make the requisite showing.

4. Public Interest

"There is a great public interest in the efficient administration of the bankruptcy system." *Adelson v. Smith (In re Smith)*, 397 B.R. 134, 148 (Bankr. D. Nev. 2008). Given that Tejeda has not obtained a stay of the Dischargeability Judgment, a stay of the Fee Judgment would impair the efficient administration of the bankruptcy system.

### III. Conclusion

To obtain a stay of the Fee Order, Tejeda was required to make a minimum showing with respect to each of the four factors discussed above. Because Tejeda has not made the requisite showing with respect to any of the factors, Tejeda's Motion is DENIED. The Court will enter an order consistent with this Memorandum of Decision.

###

Date: January 3, 2019

Ernest M. Robles
United States Bankruptcy Judge